UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

OUMAR SISSOKO,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No.:  3:26-cv-1102-CAB-DDL

**ORDER PARTIALLY GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Oumar Sissoko's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner claims he is being detained by immigration authorities in violation of the Due Process Clause of the Fifth Amendment. [*Id.* at ¶¶ 54, 71, 75.]  He seeks immediate release or, at minimum, a bond hearing.  [*Id.* at 29–30.]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is a citizen of Mali and a member of the Malinke ethnic group.  [*Id.* at 3.] He was enslaved and endured various forms of abuse for several years before fleeing to the United States to seek asylum.  [*Id.*]  He entered the U.S. on February 24, 2025 and was determined to be an arriving alien inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and

3:26-cv-1102-CAB-DDL

taken into Immigration and Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1225(b). [Doc. No. 4 at 1.]

On May 15, 2025, Petitioner received a positive credible fear determination. [Petition at 3–4.] On October 19, 2025 the Department of Homeland Security ("DHS") issued a Notice to Appear—initiating removal proceedings pursuant to 8 U.S.C. § 1229(a). [*Id.* at 4.] On November 12, 2025, Petitioner submitted an application for asylum and withholding of removal, both of which are still pending. [*Id.*] Petitioner received a bond hearing on March 4, 2026, where the immigration judge ("IJ") "denied bond finding it lacked jurisdiction pursuant to *Matter of MS*, 27 I&N Dec. 509 (AG 2019)." [Doc. No. 5.] A merits hearing is set for April 21, 2026, meaning there is no final order of removal at this time. [Doc. No. 4 at 2.] He remains detained at Otay Mesa Detention Center ("OMDC").

## II.    JURISDICTION

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 4 at 3–4.] Section 1252(g) provides in relevant part: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

As the Supreme Court reasoned in *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999), § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *See also Ibarra-Perez v. United States*, 154 F.4th 989, 991 (9th Cir. 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly.") Accordingly, § 1252(g) does not bar "many . . . decisions or actions that may be part of the deportation process[.]" *Id.* at 996. Moreover, "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Reno*, 525 U.S. at 482.

Here, Petitioner does not contest the decision to commence proceedings, the adjudication of his removal case, or any action to execute a removal order. Rather, he seeks review of the legality of his detention, arguing that the length of time he has been detained, and the denial of an adequate bond hearing violates due process. He does not seek to relitigate in this Court any of the IJ's orders; the relief he seeks here is release from custody or a constitutionally adequate bond hearing. Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

### III.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

### IV.   DISCUSSION

Petitioner argues that his prolonged detention without a bond hearing—almost thirteen months—violates his Fifth Amendment right to due process. [Petition at ¶¶ 54, 71, 75.] Respondents counter that the relevant statutory language of § 1225(b)(2) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 4 at 3–10.] The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court has not decided the *constitutional question* of whether indefinite detention is permitted. *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F.Supp.3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding

that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year). Turning to the second factor, which consists of "the anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner has a merits hearing scheduled for April 21, 2026. *Banda*, 385 F.Supp.3d at 1119. If he receives an adverse determination, he may file an appeal with the Board of Immigration Appeals ("BIA") and may also appeal to the Ninth Circuit, which would be lengthy processes. *See Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 108 (2020).  Accordingly, the second factor weighs in favor of Petitioner.  As to the third *Banda* factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing."  *Banda*, 385 F.Supp.3d at 1119 (second alteration in original).  Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication."  No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8.  Thus, the third factor favors Petitioner.

The fourth factor also weighs in Petitioner's favor as Respondents do not suggest Petitioner has caused any delays.  Regarding the fifth factor, Petitioner claims the government has caused two substantial delays.  [Petition at ¶¶ 63–65.]  He notes that: (1) he was detained on February 24, 2025 but was not interviewed by an asylum officer until almost three months later; and (2) after his credible fear interview, it was an additional three months until DHS issued a Notice to Appear.  [*Id.* at ¶¶ 63, 64.]  Respondents state that the government has not caused "any delay in the removal proceedings[,]" [Doc. No. 4 at 9], but the removal proceedings only commenced upon the issuance of the Notice to Appear.  [*Id.* at 2.]  Respondents do not address Petitioner's argument that Respondents caused delays before that point.  Accordingly, the fifth factor weighs slightly for Petitioner.  Finally, the sixth factor is neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, with all factors but the sixth favoring Petitioner, the Court concludes that Petitioner's continued mandatory detention without a bond hearing violates his right to due process.  Petitioner is entitled to an individualized bond hearing before an immigration judge.

## V.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court

3:26-cv-1102-CAB-DDL

therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **March 31, 2026**.  Respondents shall update the Court on the result of the bond hearing by **April 1, 2026**.

It is **SO ORDERED**.

Dated: March 17, 2026

Hon. Cathy Ann Bencivengo
United States District Judge